FILED

2010 May-27  PM 03:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

| | | |
|---|---|---|
| JOSE NICOLAS DIEGO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action Number: |
| | ) | 6:10-cv-0349-PWG |
| CHERYL PRICE and ATTORNEY | ) | |
| GENERAL OF THE STATE OF ALABAMA | ) | |
| | ) | |
| Respondent. | ) | |

### MEMORANDUM OPINION

This is an action on a petition for writ of *habeas corpus* brought pursuant to 28 U.S.C. §§ 2254 and 2241 by an Alabama state prisoner, Jose Nicolas Diego, who is confined at the Bibb Correctional Facility in Brent, Alabama.  Upon preliminary review, the magistrate judge issued an order requiring Diego to show cause why his petition was not due to be dismissed as barred by statute of limitations contained in 28 U.S.C. § 2244(d)(1).  (Doc.[1] 3).  After receiving Diego's response, (Doc. 4), the magistrate judge entered a report and recommendation ("R&R") stating that the petition is due to be dismissed as untimely.  (Doc. 5).  The cause is now before the undersigned district judge on Diego's objection to the R&R.  (Doc. 6).  The court concludes that the objection is due to be overruled, and the court will accept and adopt the R&R in full.

## I.

In his objection, Diego does not dispute that his petition was filed approximately 20 days beyond the statute of limitations, as determined by the magistrate judge.  Rather, Diego contends that

---

[1]      References to "Doc(s).___" are to the documents as numbered by the clerk in the court's record of the case.

he is entitled to equitable tolling. In support, he raises two arguments. The first was thoroughly addressed in the R&R. The second was considered only in the discrete context in which it was presented. In his first argument, he contends that he failed to receive timely notice from the Alabama state courts that proceedings seeking post-conviction relief under Rule 32, Ala. R. Crim. P., had concluded, which allegedly caused him to be late in filing his § 2254 petition. Diego's second argument in favor of equitable tolling is based on his alleged limited ability to speak, understand, or read English. The court will address each claim in turn.

**A.**

Diego contends that the magistrate judge erred in determining that he was not eligible for equitable tolling based upon the fact that Diego allegedly was not notified that his Rule 32 appeal had concluded and was thus no longer pending. Diego's Rule 32 appeal concluded on April 10, 2009, when the Alabama Supreme Court entered an order denying certiorari review and a certificate of judgment issued. Accordingly, that date marks the end of statutory tolling under 28 U.S.C. § 2244(d)(2), and the limitations period of § 2244(d)(1) again commenced running. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001). The copy of the certificate of judgment in the record contains a "cc" notation indicating that a copy was mailed to Diego. (Doc. 4 at 8). Nonetheless, Diego claims that he never received it. Allegedly unaware that his Rule 32 appeal had concluded, Diego sent two letters, each dated January 22, 2010, requesting information on the status of the appeal, one to the clerk of the state trial court of conviction and one to the clerk of the Alabama Court of Criminal Appeals. The respective clerks each timely responded with correspondence advising that Diego's appeal had ended on April 10, 2009. Diego asserts that he received the clerks'

correspondence on February 1, 2010, and that he acted quickly to file the § 2254 petition, dated February 16, 2010.

As the magistrate judge acknowledged, a "lengthy delay between the issuance of a necessary order and an inmate's receipt of it might provide a basis for equitable tolling if the petitioner has diligently attempted to ascertain the status of that order and if the delay prevented the inmate from filing a timely federal habeas corpus petition." *Drew v. Department of Corr.*, 297 F.3d 1278, 1288 (11th Cir. 2002) (citing *Knight v. Schofield*, 292 F.3d 709 (11th Cir. 2002); *Woodward v. Williams*, 263 F.3d 1135, 1143 (10th Cir. 2001); and *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000)). Even assuming that, through no fault of his own, Diego did not receive a copy of the certificate of judgment, he failed to act with the diligence required to establish equitable tolling. To have been timely, Diego's petition for certiorari in the Alabama Supreme Court had to have been filed no later than July 25, 2008. *See* Rule 39(c)(2), Ala. R. App. P. The record shows, however, that Diego did not attempt to ascertain the status of his appeal until approximately 18 months later, when he sent correspondence dated January 22, 2010 to the respective court clerks. The Eleventh Circuit has previously held that such a delay by an inmate before seeking to clarify the status of his state appeal precludes a finding of diligence for purposes of equitable tolling. *See Drew*, 297 F.3d at 1288 (holding that one letter checking on status of state appeal sent sixteen months after petition was filed "is plainly insufficient evidentiary foundation to support Drew's claim of diligence, let alone to establish that the trial court clearly erred in finding Drew dilatory."). Therefore, as stated in the R&R, Diego is not entitled to equitable tolling based on his alleged failure to receive timely notice that his Rule 32 appeal was no longer pending.

**B.**

Diego also contends that he is entitled to equitable tolling based upon his alleged limited English proficiency, education, literacy, and legal experience.  Diego discussed the language barrier in his the "Memorandum of Law" in support of the § 2254 petition, in claiming that, at the time of trial, he spoke and understood "very little" English (Doc. 1 at 15), that his knowledge and understanding of English was "very limited," (*id.* at 16, 17), and that he had "not lived in the United States for a long period of time nor has he received any formal schooling by being enrolled in any public or private institutional (sic) of learning that offer (sic) a curriculum or course of the [E]nglish language." (*Id.* at 17).  While acknowledging that he was provided with an interpreter for his defense in state court, Diego claims his limited ability to speak and understand English prevented him from receiving a fair trial, and he suggests it may have also caused his appointed trial counsel's failure to understand that Diego desired to pursue a direct appeal.

Although Diego did not specifically argue in his petition that his alleged limited English skills constituted a basis to equitably toll the limitations period, in the order requiring Diego to show cause why the action was not due to be dismissed as untimely, the magistrate judge raised the language barrier as a potential ground of tolling *sua sponte*.  (Doc. 3 at 8).  The magistrate judge further recognized, however, that "the inability to read and speak English is not in itself a sufficient basis for equitably tolling a failure to meet § 2244(d)(1) requirements."  (*Id.* (quoting *United States v. Montano*, 398 F.3d 1276, 1280 n.5 (11th Cir. 2005)).  Accordingly, the magistrate judge stated in the show cause order that the allegations of the petition itself were not themselves sufficient to establish equitable tolling.  (*Id.*)  The court notes that, in responding to that show cause order, Diego did not argue or otherwise raise any matter to support that his allegedly limited ability to speak, read,

and understand English as a basis for equitable tolling.  Rather, the response raised only issues regarding (1) whether he had been sufficiently diligent to establish equitable tolling associated with his alleged failure to receive notice that his Rule 32 appeal had concluded (*see* Doc. 4 at 1-3, ¶¶ 1-5) and (2) whether the magistrate judge had erred by failing to credit Diego with an additional 90 days of statutory tolling under 28 U.S.C. § 2244(d)(2) associated with the period in which Diego could have petitioned the United States Supreme Court for certiorari review following the denial of his Rule 32 appeal in the Alabama courts.  (*Id.*, at 3-4, ¶¶ 6-7).  Accordingly, the magistrate judge's R&R did not further address the language barrier issue other than by reiterating what had been said in the show cause order, citing *Montano*.  (Doc. 5 at 9).

In his objection to the R&R, however, Diego asserts for the first time the issue of his limited English, literacy, and education, emphasizing that he "cannot read the English language and can barely speak the same, [and] is completely illiterate and poorly educated."  (Doc. 6 at 7).  He explains that he has received legal "assistance" from several other fellow inmates, and that his "[in]ability to find a prisoner that is bi-lingual to assist him with filing this instant petition was the reason of the delay since the previous prisoner [who had been assisting him] transferred," leaving him "without assistance in preparing his petition or [a] general understanding of which course of action to pursue."  (*Id.* at 6).  Diego also asserts that there is an "absence of any books or forms written in [Spanish]," and that the "Alabama Department of Corrections do[es] not have any law clerks that are bilingual."  (*Id.*)   The lack of such resources, Diego suggests, "deprives [Spanish-speaking prisoners] access to court, particularly when they do not speak or read English."  (*Id.* at 7).

At the outset, the court would note that Diego's allegations set forth in his objection are not in the form of either an affidavit or an unsworn declaration under 28 U.S.C. § 1746.  Accordingly,

factual allegations in the objection are not properly considered as evidence because they are not in admissible form, even for a summary habeas proceeding. *See Karcher v. Wainwright*, 476 F.2d 179, 180 (5th Cir. 1973)[2].   Moreover, Diego has not sought to explain why he did not raise these allegations and arguments on the language barrier issue in his response to the magistrate judge's show cause order.   While vested with discretion to consider additional evidence and other arguments when considering objections to a magistrate judge's report and recommendation, *see* 28 U.S.C. § 636(b)(1), a district judge is not required to do so, particularly where, as here, the proffering party fails to provide a reason for failing to present the new materials or arguments to the magistrate judge. *Drew*, 297 F.3d at 1289 n.4.

But even if the court were fully to consider Diego's statements and arguments in the objection, the court would still hold that his allegations fail to establish that equitable tolling is warranted on this ground.   A litigant's limited English, literacy, education, or familiarity with the law or the legal process generally do not give rise to equitable tolling.   *See Montano*, 398 F.3d at 1280 n.5; *Jackson v. Astrue*, 506 F.3d 1349, 1356 (11th Cir. 2007); *Miller v. Florida*, 307 Fed. Appx. 366, 368 (11th Cir. Jan. 13, 2009) (unpublished); *Brown v. United States*, 318 Fed. Appx. 749, 750 (11th Cir. Nov. 20, 2008) (unpublished).   Even under the more lenient standards applied by some circuit courts of appeals in this context, "a petitioner's language deficiency must be coupled with proof of independent and diligent effort to overcome the prisoner's disabilities by alternative means." *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (citing *Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006), and *Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008)).   Diego has failed

---

[2]      The decisions of the former Fifth Circuit handed down before October 1, 1981 are binding in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

to include specific allegations necessary to support a finding of such diligence on his part, detailing what efforts he allegedly took prior to the expirations of the limitations period to overcome any language barrier that might have prevented him from filing his § 2254 petition on time.  He simply states in a conclusory fashion that he was unable to find a prisoner that is bi-lingual to assist him with filing his petition, and that he lacked access to legal books and forms in Spanish or to a bi-lingual prison law clerk.  To the extent Diego complains of a general lack of available prison legal resources written in Spanish, the court notes that Diego has also claimed that he is "completely illiterate," so it is unclear how the absence of such written materials matters here.  Diego implicitly acknowledges that the Alabama Department of Corrections does provide law clerks to assist prisoners with filing of post-conviction petitions.  While they may not be bi-lingual, Diego does not claim that there are no bi-lingual prisoners or other individuals who might serve as interpreters when seeking legal assistance from an English-speaking law clerk.  Moreover, Diego's failure to file in this court on time had nothing to do with being unable to prepare the § 2254 petition itself.  It had to do with his failure to act diligently to send a timely letter seeking to ascertain the status of his filed petition for certiorari review of his Rule 32 claims in the Alabama Supreme Court.  Diego did not send letters of inquiry on that matter until approximately 18 months after that petition had been filed, and by the time he received the timely responses, his time to file in this court had already expired. Diego has failed to show that his limitations constitute extraordinary circumstances or that he exhibited the diligence required to qualify for equitable tolling of the limitations period.

## II.

The court has considered the entire file in this action together with the magistrate judge's Report and Recommendation and the petitioner's objections and has reached an independent

conclusion that the magistrate judge's Report and Recommendation is due to be adopted and approved.   Accordingly, the court hereby **ADOPTS** and **APPROVES** the findings and recommendation of the magistrate judge as the findings and conclusions of the court.  In accordance with the recommendation, this action is due to be **DISMISSED WITH PREJUDICE** as untimely filed under the statute of limitations.  An appropriate final order will be entered.

   **DONE**, this 27th day of May, 2010.


_Sharon Lovelace Blackburn_
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE